THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>YI JUN CHEN,<br><br>　　　　　　　Defendant. | CASE NO. CR20-0171-JCC-3<br><br>ORDER |

This matter comes before the Court on Defendant Yi Jun Chen's motion to revoke United States Magistrate Judge Brian Tsuchida's detention order (Dkt. No. 41). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion to revoke the detention order for the reasons explained herein.

Defendant is currently detained pending trial on charges of conspiracy to manufacture and distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846. (Dkt. Nos. 1, 26, 39.) Defendant moves for revocation of Judge Tsuchida's detention order pursuant to 18 U.S.C. § 3145(b). (Dkt. No. 41.) Defendant asserts that the Government fails to meet its burden of persuasion that no condition or combination of conditions would reasonably assure Defendant's appearance and the safety of the community. (*Id.* at 5–7.) The Government's allegations are summarized in Judge Tsuchida's detention order. (*See* Dkt. No. 40 at 1.)

1  The Court reviews a magistrate judge's order detaining a defendant before trial *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). Thus, the Court makes its own factual findings and reaches an independent conclusion about whether a defendant should be detained, without deference to the magistrate judge's decision. *Id.* A defendant may be detained before trial only if "no condition or combination of conditions will reasonably assure the [defendant's] appearance . . . and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The Government bears the burden of proving by a preponderance of the evidence that no conditions will reasonably assure the defendant's appearance and by clear and convincing evidence that no conditions will reasonably assure the safety of the community. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). When analyzing whether conditions can reasonably assure the defendant's appearance and the safety of the community, the Court must consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence, (3) the history and characteristics of the defendant, and (4) the danger to the community the defendant would pose if released. 18 U.S.C. § 3142(g).

If, as is the case here, the Court finds probable cause to believe the defendant committed a drug offense with a maximum term of imprisonment of at least ten years, there is a rebuttable presumption the defendant should be detained. *See* 18 U.S.C. § 3142(e)(3)(A). This presumption "shifts a burden of production to the defendant," *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008), which requires the defendant to produce "some evidence" that there are conditions that would reasonably assure his or her appearance and the community's safety, *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985). "The burden of production is not a heavy one to meet" and "[a]ny evidence favorable to a defendant that comes within a category listed in § 3142(g) can affect the operation of . . . the presumption[]." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). Once a defendant produces some evidence to rebut the presumption, "the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *Hir*, 517 F.3d at

ORDER
CR20-0171-JCC-3
PAGE - 2

1086 (quoting *Dominguez*, 783 F.2d at 707). Ultimately, "the burden of persuasion remains with the [G]overnment." *Hir*, 517 F.3d at 1086. For the reasons described below, the Court finds that no combination of conditions would reasonably assure Defendant's appearance and, therefore, continued detention is warranted.

First, if Defendant were convicted, he would be subject a minimum sentence of 10 years. *See* 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B). Defendant has a strong incentive to flee. This is particularly true given that the evidence against Defendant is strong enough for him to believe there is a reasonable chance he would, in fact, be convicted. In 2019, investigators seized 152 kilograms of marijuana, packaging materials, and $91,772 in cash from a location in Chicago where Defendant was present. (Dkt. No. 67 at 5.) Moreover, when investigators arrived, he attempted to flee. (*Id.*) Then in 2020, the Government seized over 2,000 marijuana plants from grow operations in Washington that Defendant was frequently observed travelling to and from. (*Id.* at 6.) This in addition to the 20 pounds of packaged marijuana, $131,539 in currency, and shipping and packaging materials recently seized from his Washington location at the time of his arrest. (*Id.* at 6–7.)

Next, Defendant has displayed little regard for the law. While he has no criminal convictions, he continued to allegedly engage in marijuana manufacturing and distribution activities from 2017 through 2020, even though law enforcement repeatedly intercepted and seized his alleged illicit product. (*Id.* at 10.) In addition, it appears that Defendant has access to substantial resources necessary to evade law enforcement should he decide to flee. This includes the cash generated throughout his alleged activities and an alleged network of criminal associates throughout the United States. (*Id.* at 11.) Moreover, Defendant was born in China and his wife has confirmed his past visits to the country. (Dkt. No. 37 at 2.)

Finally, the Government presents evidence of Defendant's criminal connections in Chicago. (*See* Dkt. No. 67 at 4.) This includes his wife's potential involvement in his alleged illicit distribution activities. (*Id.* at 11–12 (evidence that Defendant shipped a suspect package to

his wife from Washington using an alias).) Defendant's family ties in Chicago are insufficient to ameliorate this risk of flight should he be released to GPS monitoring or home detention in Chicago.

Therefore, the factors articulated in 18 U.S.C. § 3142(g) counsel against release. No condition will reasonably assure Defendant's appearance.

For the foregoing reasons, Defendant's motion to revoke Judge Tsuchida's detention order (Dkt. No. 41) is DENIED.

DATED this 6th day of November 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE